UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
| | |
|---|---|
| Valdovinos,<br><br>                    Plaintiff,<br><br>-against-<br><br>9300 Realty Management Inc. et al,<br><br>                    Defendants. | 1:18-cv-02102 (SDA)<br><br>**ORDER** |
**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

This case contains claims under the Fair Labor Standards Act ("FLSA"). On April 20, 2018, an Order was issued on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 25.) On January 3, 2019, the parties publicly filed their proposed settlement agreement regarding the FLSA claims. (ECF No. 42-1.)[1] Having reviewed the proposed settlement of the FLSA claims, the Court finds that it is fair and reasonable. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The settlement is approved.

Accordingly, I approve the settlement of this matter.[2] In light of the settlement, the action is dismissed with prejudice and without costs. The Clerk of the Court is respectfully requested to mark this matter closed.

---

[1] The parties had filed an earlier version of the Settlement Agreement on December 11, 2018. (ECF No. 40-1.) The Court issued an Order on December 17, 2018 noting errors in that version of the Agreement. (ECF No. 41.) These errors have been corrected in the version filed on January 3, 2019. (*See* ECF No. 42-1 at 7, ¶¶ 4(a) and 4(a)(1).)

[2] The Court notes that the Complaint in this action alleges claims in addition to the FLSA claims, which claims are being settled pursuant to a separate, confidential settlement agreement that has not been publicly filed. In that regard, the Court observes that there is authority for a bifurcated settlement agreement, in which the parties submit their FLSA agreement for court review and approval on the public

**SO ORDERED.**

DATED:        New York, New York
                  January 4, 2019

_____
STEWART D. AARON
United States Magistrate Judge

---

record, but enter into a separate and confidential settlement agreement with respect to the non-FLSA claims. See, e.g., *Yunda v. Safi-G, Inc.*, No. 15-CV-8861 (HBP), 2017 WL 1608898, at *2 (S.D.N.Y. Apr. 28, 2017) (approving the submission of two settlement agreements, one resolving plaintiff's FLSA claims that required court approval under *Cheeks* and the other resolving plaintiff's claims under New York Labor Law that did not require approval under *Cheeks*). Because the parties' non-FLSA-related settlement agreement is confidential and is not subject to judicial review, it shall not be filed on the public docket.